D. Maimon Kirschenbaum
Lucas C. Buzzard
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, New York 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**SUSANA GOYTENDIA,**

        **Plaintiff,**

      **v.**

**DOWNTOWN RESTAURANT COMPANY**
**LLC d/b/a CIPRIANI DOWNTOWN, GC**
**ALPHA LLC d/b/a CIPRIANI DOLCI,**
**CIPRIANI RESTAURANT 55 LLC, 42ND**
**STREET LESSEE, LLC d/b/a CIPRIANI**
**42ND STREET,**

        **Defendants.**
-----------------------------------------------------------x

**Docket No.:**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

       Plaintiff Susana Goytendia, by and through her attorneys, as against Downtwon Restaurant Company LLC d/b/a Cipriani Downtown, GC Alpha LLC d/b/a Cipriani Dolci, Cipriani Restaurant 55 LLC, 42nd Street Lessee, LLC d/b/a Cipriani 42nd Street (collectively, "Cipriani" or "Defendants") alleges as follows:

**JURISDICTION AND VENUE**

       1.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). This Court has supplemental jurisdiction over the New York state law claims,

as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

3.      Upon information and belief, Cipriani is composed of some twenty corporations that act in partnership with one another in the operation and management of a chain of Italian restaurants in the City of New York.   These corporations include Defendants Downtown Restaurant, LLC, GC Alpha, LLC, Cipriani Restaurant 55, LLC, and 42nd Street Lessee, LLC.

4.      The restaurants operated by the Cipriani Defendants include Cipriani Downtown Restaurant, located at 376 West Broadway; Cipriani Dolci, located in Grand Central Station; Cipriani Wall Street, located at 55 Wall Street; and Harry Cipriani, located at 59th Street and Fifth Avenue  (the "Cipriani Restaurants").

5.      The headquarters and human resources for all Cipriani Restaurants is located at Cipriani 42nd Street, located at 110 East 42nd Street.

6.      The Restaurants are part of a single integrated enterprise that jointly employed Plaintiff at all relevant times.  The corporate Defendants are owned, and their operations are conducted, by Ignacio and Maggio Cipriani, and they are all subject to the same general management practices described herein.

7.      All of the Cipriani Restaurants' liquor licenses name either Maggio or Ignacio Cipriani as principals.

8.     All of the Cipriani Restaurants share a website, www.Cipriani.com, and operate under the name "Cipriani."

9.     All of the Restaurants have centralized control of labor operations, as payroll and human resources for all the Restaurants are run out of one office on 42nd Street.

10.     Anabel Espinal is a Human Resources executive that works for the Cipriani Defendants.

11.     Plaintiff Susana Goytendia was employed by Defendants at various Cipriani Restaurants for over 16 years, until her termination on June 1, 2017, when she was 47 years' old.

**FACTS**

12.     Plaintiff was first hired by Defendants in 2002 as a cashier.

13.     From 2002 to approximately 2012, Plaintiff worked full time as a cashier at various Cipriani Restaurants, including Cipriani Downtown Restaurant, Cipriani Dolci, Cipriani Wall Street, and Harry Cipriani.

14.     At each Cipriani Restaurant at which she worked as a cashier, Plaintiff was required to "close out" her register at the end of each of her shifts.

15.     This involved printing a report of all transactions, counting all cash to ensure that it added up to the amount on the printed report, placing the cash into an envelope, and handing the envelope to the manager on duty.

16.     During the course of her employment, Plaintiff trained many other cashiers at the Cipriani Restaurants.

17.     Plaintiff never received any complaints about her work until the day she was fired.

18.     Beginning in 2012, Plaintiff began an alternate schedule, under which she would work for Defendants as a cashier for approximately 6 or 7 months out of the year.

19.     For the rest of the year, Plaintiff returned to Peru to care for her elderly father.

20.     Each time Plaintiff left after working those moths for Defendants, she was required to sign a personnel action form, which stated that she could return to work at Cipriani.

21.     The last such personnel action form Plaintiff signed was in 2016.

22.     Before 2017, Plaintiff never had a problem returning to Cipriani, and was often asked by managers at specific Cipriani locations to come and work for them.

23.     In May of 2017, Plaintiff returned to Cipriani to inquire about working as a cashier once again.

24.     The managers of Cipriani Dolci, who Plaintiff knows as "CK" and "Simone," asked Plaintiff to come work at their restaurant, as they needed cashiers.

25.     In late May of 2017, Plaintiff went to Cipriani's centralized human resources offices, located at Cipriani 42nd Street, and filled out all necessary paperwork to begin working at Cipriani's once again.

26.     Plaintiff then worked for two days without incident at Cipriani Dolci.

27.     On June 1, 2017, Plaintiff was told to report to Cipriani 42nd Street to meet with Anabel Espinal, Cipriani's head of human resources.

28.     During this meeting, Ms. Espinal told Plaintiff that she could not work at any Cipriani restaurant anymore because she was "short $10 one day."

29.     This accusation surprised Plaintiff because none of the managers of any of the Cipriani Restaurants at which Plaintiff had worked had ever informed Plaintiff that she had been short money after she closed out.

30.     When asked, Ms. Espinal refused to tell Plaintiff which Cipriani Restaurant had been short or when this had occurred.

31.     Ms. Espinal also accused Plaintiff of leaving "money lying around."

32.     Again, Ms. Espinal did not inform Plaintiff when, or at which Restaurant, this had supposedly occurred.

33.     Finally, Ms. Espinal told Plaintiff that she had not properly notified Cipriani that she had been leaving for the months off.

34.     But Plaintiff had signed a personnel action form before she left Cipriani the last time.  That form, like all the others Plaintiff had signed since 2012 when she left for some months, specified that she could return to work at Cipriani.

35.     Upon information and belief, at the time of her June 2017 termination, Plaintiff was the oldest cashier among all of those who worked at the Cipriani Restaurants.

36.     After her termination, Plaintiff learned that she had been replaced by a woman in her twenties.

37.     Following her termination from Cipriani, Plaintiff worked from September to November 2017 for a company called Exquisite Staffing, which provided staff to the Cipriani Restaurants.

38.     While Plaintiff was working for that company, she was placed into a bartender position at Cipriani 25 Broadway restaurant.

39.     In November 2017, Plaintiff was informed by Exquisite Staffing that she could no longer work at any Cipriani Restaurant because she had "left on such bad terms."

40.     Because Exquisite Staffing only provided services to the Cipriani Restaurants, Plaintiff was left without employment.

41.     On or about March 5, 2018, I filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), as well as the New York State Division on Human Rights and the New York City Commission on Human Rights.

42.     On August 29, 2018 the EEOC closed its investigation and issued a Notice of Right to Sue ("NRTS"), which is attached hereto as Exhibit A.

43.     Plaintiff received the EEOC's NRTS on August 31, 2018.

44.     In issuing the NRTS the EEOC did "not certify" that Defendants were "in compliance with the statutes." *See* Ex. A.

**FIRST CLAIM FOR RELIEF**
**(Age Discrimination in Employment Act ("ADEA")**
**29 U.S.C. § 631,** *et seq.* **– Age Discrimination)**

45.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

46.     In violation of the ADEA, Defendants discriminated against Plaintiff on the basis of her age by terminating her employment and refusing to allow her to work at any Cipriani Restaurants.

47.     As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income and employment benefits.

48.     As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, humiliation and anguish.

49.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to back pay, lost employment benefits, and damages for emotional distress, as well as front pay, liquidated damages, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### New York City Human Rights Law ("NYCHRL")
### N.Y.C. Admin. Code §§ 8-101 *et seq.* – Age Discrimination)

50.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

51.     In violation of the NYCHRL, Defendants discriminated against Plaintiff on the basis of her age by terminating her employment and refusing to allow her to work at any Cipriani Restaurants.

52.     As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income and employment benefits.

53.     As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputations, lasting embarrassment, humiliation and anguish.

54.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to backpay, lost employment benefits, and damages for emotional distress, as well as front pay, punitive damages, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### New York State Human Rights Law ("NYSHRL")

**N.Y. Exec. Law §§ 290, *et seq.* – Age Discrimination)**

55.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

56.     In violation of the NYSHRL, Defendants discriminated against Plaintiff on the basis of her age by terminating her employment and refusing to allow her to work at any Cipriani Restaurants.

57.     As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income and employment benefits.

58.     As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputations, lasting embarrassment, humiliation and anguish.

59.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to backpay, lost employment benefits, and damages for emotional distress, as well as front pay, punitive damages, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(A)     For compensatory, liquidated, and punitive damages in an amount to be determined by the trier of fact;

(B)     For an award of front pay in an amount to be determined by the trier of fact;

(C)     For reasonable attorneys' fees, interest, and costs of suit;

(D)     For such other and further relief as the Court may deem just and equitable.


Dated: New York, New York              Respectfully submitted,
       November 27, 2018                    JOSEPH & KIRSCHENBAUM LLP

                             By:  /s/Lucas C. Buzzard
                                   D. Maimon Kirschenbaum
                                   Lucas C. Buzzard
                                   32 Broadway, Suite 601
                                   New York, NY 10004
                                   Tel: (212) 688-5640
                                   Fax: (212) 688-2548


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5ᵗʰ Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820

Kevin J. Berry
District Director

Susana Goytendia
c/o Lucas C. Buzzard, Esq.
Joseph & Kirschenbaum LLP
32 Broadway, Suite 601
New York, NY 10004

**Re:    Susana Goytendia v. GC Alpha LLC d/b/a Cipriani Dolci**
   **EEOC Charge No.  520-2018-02667**

Dear Ms. Goytendia:

The U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") enforces discrimination laws under Title VII of the Civil Rights Act of 1964 ("Title VII"), which prohibits employment discrimination based on race, color, sex, religion or national origin; the Equal Pay Act of 1963 ("EPA"), which protects men and women who perform substantially equal work in the same establishment from sex-based wage discrimination; the Age Discrimination in Employment Act of 1967 ("ADEA"), which protects individuals who are 40 years of age or older; The Americans with Disabilities Act Amendments Act ("ADAAA"), which prohibits discrimination against qualified individuals with disabilities, and the Genetic Information Nondiscrimination Act of 2008 ("GINA").

The EEOC has Charge of Discrimination ("Charge") prioritization procedures and these procedures call for the Commission to focus its limited resources on those cases that are most likely to result in findings of violations of the laws that we enforce. In accordance with these procedures the Commission has evaluated your Charge alleging discrimination based on your age. Based upon the information and evidence you submitted, the EEOC is unable to conclude that the information establishes a violation of Federal law on the part of Respondent, and has decided not to further pursue its investigation of this Charge. This Determination is final.

Enclosed is your _**Notice of Right to Sue ("NRTS")**_. If you wish to purse this matter, you must file a lawsuit against GC Alpha LLC d/b/a Cipriani Dolci in Federal District Court within **90 days** of receipt of your NRTS, otherwise your right to sue will be lost. If you have any questions regarding your NRTS after reviewing the enclosed NRTS information sheet, please contact Federal Investigator Maritza Rondon-Velazquez at **Maritza.Rondon-Velazquez@eeoc.gov**.

Sincerely,

_Maritza Rondon-Velazquez_   for
Kevin J. Berry
District Director

8/29/18
Date

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Susana Goytendia**<br>**21-24 31st Street, Section D, Apt. 5-O**<br>**Astoria, NY 11105** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2018-02667** | **Maritza Rondon-Velazquez,**<br>**Investigator** | **(212) 336-3678** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*(signature)*  (MRV)

**Kevin J. Berry,**
**District Director**

8/29/18

*(Date Mailed)*

Enclosures(s)

cc:
**Director Human Resources**
**GC ALPHA LLC DBA CIPRIANI DOLCI**
**110 East 42nd Street**
**New York, NY 10017**

**Lucas C. Buzzard, Esq.**
**JOSEPH & KIRSCHENBAUM LLP**
**32 Broadway, Suite 601**
**New York, NY 10004**

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*